```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHRISTINA FELUMERO,                                :
                                                   :
                          Plaintiff,               :
                                                   :                    **MEMORANDUM AND ORDER**
         -against-                                 :                    17-CV-04085 (DLI) (ST)
                                                   :
MODEST COMMUNITY SERVICES                          :
ASSOCIATION, INC.; SAMUEL OSHO;                    :
FAITH CASTILLO; and ADEJOKE                        :
OLASEHINDE,                                        :
                                                   :
                          Defendants.              :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Christina Felumero ("Felumero" or "Plaintiff") filed this action on July 10, 2017 alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York City Human Rights Law ("NYCHRL") by her then employer, Modest Community Services Association, Inc. ("Modest"), and individual defendants Samuel Osho ("Osho"), Faith Castillo ("Castillo"), and Adejoke Olasehinde ("Olasehinde"). *See generally*, Am. Compl., Dkt. Entry No. 14. Castillo has not appeared or otherwise defended herself in this action, and a review of the docket reveals that Plaintiff has not made any efforts to prosecute this case against Castillo. Indeed, it appears that service of process was never effected on Castillo. As such, the claims against Castillo are dismissed, with prejudice, for failure to prosecute. The remaining defendants (collectively, "Defendants") now move for summary judgment. For the reasons set forth below, Defendants' summary judgment motion is granted as to Plaintiff's federal law claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## BACKGROUND

The following facts are undisputed, unless stated otherwise, and all factual disputes are resolved, and all reasonable inferences are drawn, in Plaintiff's favor. *See*, *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1347 (2015).

Modest provides services to individuals with developmental disabilities and their families. Defs.' Statement of Facts, Dkt. Entry No. 28-1, ¶ 3. Defendant Osho is the Executive Director. Defs.' Mem. of L. in Supp., Dkt. Entry No. 28-2 at 7. Defendant Olasehinde is the Director of Human Resources. Defs.' Statement of Facts, ¶ 24. Non-appearing Defendant Castillo was a supervisor in one of Modest's programs, the Residential Program. *Id.* ¶ 35.

Plaintiff worked in two of Modest's programs: the Community Habilitation Program (the "Community Program") and the Residential Program (the "Residential Program"). *Id.* ¶¶ 3, 33; Pl.'s Statement of Facts, ¶ 55. The Community Program provides services to highly functional individuals living in their own private homes. Defs.' Statement of Facts, ¶ 3. The Community Program "is part-time work, and supports children with autism, Asperger's, [and] cerebral palsy, where they obtain assistance with homework, daily living, chores, their hygiene routine, and social skills." Pl.'s Statement of Facts, ¶ 57. Employees working in the Community Program were not required to lift more than 35 pounds. Defs.' Statement of Facts, ¶ 4.

The Residential Program is more akin to a "group home" for highly functioning adults with more advanced stages of developmental disabilities, who live on their own with varying levels of supervision and assistance. *Id.* ¶ 3, Pl.'s Statement of Facts, ¶ 58. Modest permitted employees to work in multiple programs, even if they were hired for one specific program, *e.g.*, if an individual who worked in one department requested extra hours, Modest permitted the employee

to work in a different department for more hours, if shifts were available. *See*, Defs.' Statement of Facts, ¶ 31.

Plaintiff began her employment with Modest in December 2014. *Id.* ¶ 1; Pl.'s Statement of Facts, ¶ 60. She was hired specifically for a part-time position in the Community Program as verified by the offer letter she signed upon being hired. Pl.'s Statement of Facts, ¶ 60; Defs.' Statement of Facts, ¶¶ 2, 5. Within the Community Program, she primarily assisted children with developmental disabilities, such as autism, Asperger's, and cerebral palsy, with their daily chores, homework, hygiene, social skills and activities of daily living. Defs.' Statement of Facts, ¶ 14; Pl.'s Statement of Facts, ¶ 57. As permitted by Modest, she supplemented her income by working additional shifts in the Residential Program when those extra shifts were available. *See*, Defs.' Statement of Facts, ¶¶ 6, 31-32.

In June 2016, Felumero informed Castillo, a supervisor in the Residential Program, that she was pregnant. Pl.'s Statement of Facts, ¶ 68. In July 2016, Felumero gave Castillo a doctor's note that stated Felumero was "unable to lift more than 35 lbs" due to pregnancy related issues. *Id.* ¶ 71. Felumero then requested Castillo provide her with an accommodation due to her pregnancy, specifically, assistance with those tasks in the Residential Program that required lifting more than 35 pounds. Defs.' Statement of Facts, ¶ 15; Pl.'s Statement of Facts, ¶ 72. Alternatively, she asked to be transferred to other programs that did not require lifting over 35 pounds. *Id.*

Eventually, Olasehinde, the Human Resources Director, became aware that Felumero had requested an accommodation that she not be required to lift items over 35 pounds. Defs.' Statement of Facts, ¶ 36. As an accommodation, Olasehinde told Felumero that, since the Community Program, for which she specifically was hired, does not require employees to lift more than 35 pounds, she should take more work in the Community Program, and Olasehinde would

3

direct Community Program supervisors to give Felumero more shifts. *Id.* Olasehinde then directed the Community Program's supervisor, Tajudeen Ogunjimi, to provide more shifts to Plaintiff. *Id.* ¶ 37. Ogunjimi agreed to give Felumero the additional "case" in Community that was available. *Id.* ¶¶ 37-38. The new case consisted of four hours of work per week. Pl.'s Statement of Facts, ¶¶ 81, 83. In addition, around this time, Felumero was informed that there no longer were additional shifts available in the Residential Program because other employees who had been hired for the Residential Program had returned from vacation. Defs.' Statement of Facts, ¶¶ 34-35; Pl.'s Statement of Facts, ¶ 77. Thus, the Residential Program was fully staffed and did not need any shifts to be covered "at this time." Defs.' Statement of Facts, ¶ 34.

Felumero argues that the new assignment in the Community Program was not a sufficient accommodation because, at only four hours per week, the new assignment did not "generate enough hours to make up for the hours she lost from the Residential Program." Pl.'s Statement of Facts, ¶ 82. Felumero requested additional hours in the Community Program, but was told "there were simply no additional cases available to assign" to her. Defs.' Statement of Facts, ¶ 23. As a result, Plaintiff refused the accommodation and resigned from her employment with Modest. Defs.' Statement of Facts, ¶ 40; Pl.'s Statement of Facts, ¶ 84.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material

4

fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation[.]" *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party must affirmatively set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Additionally, there are special considerations for district courts in reviewing claims of employment discrimination against the threat of summary judgment. Where direct evidence of an employer's discriminatory intent is not readily discernible, district courts must "carefully scrutinize[]" the available evidence for "circumstantial proof which, if believed, would show discrimination." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Indeed, "summary judgment may not be granted simply because the court believes that the plaintiff will be unable to meet his or her burden of persuasion at trial . . . [t]here must be a lack of evidence in support of the plaintiff's position or the evidence must be so overwhelmingly tilted in

5

one direction that any contrary finding would constitute clear error." *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 54 (2d Cir. 1998).

Nevertheless, these special considerations do not reduce the pleading requirements imposed upon plaintiffs necessary to defeat summary judgment motions. *See*, *Baldwin v. Goddard Riverside Community Center*, 53 F. Supp.3d 655, 667 (S.D.N.Y. 2014). In order to serve the economic purposes of summary judgment, a plaintiff in a discrimination case is required to "'do more than simply show that there is some metaphysical doubt as to the material facts.' . . . she must come forth with evidence sufficient to allow a reasonable jury to find in her favor." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (quoting *Matsushita*, 475 U.S. at 586). Mere conjecture and conclusory statements proffered by a plaintiff are insufficient to overcome a motion for summary judgment. *Baldwin*, 53 F. Supp. at 667-68.

## II. Title VII and Pregnancy Discrimination

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act amended Title VII in 1978 and provides: "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability to work." Pub. L. 95-555 (codified at 42 U.S.C. § 2000e(k)). "This provision 'makes clear that it is discriminatory to treat pregnancy-related conditions less favorably than other medical conditions.'" *Legg v.*

*Ulster County*, 820 F.3d 67, 72 (2d Cir. 2016) (quoting *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 670-71 & n.1 (1983)).

Where, as here, a pregnancy discrimination claim is brought under a disparate treatment theory, the court applies a three-step burden shifting framework, modified from that set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338 (2015). First, plaintiff must establish a *prima facie* case by "showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII." *Id.* at 1354 (internal quotation marks omitted). This burden is "not onerous" and requires plaintiff to show that: 1) she belongs to the protected class; 2) she sought an accommodation; 3) the employer did not accommodate her; and 4) the employer did accommodate others similarly situated in their ability or inability to work. *Id.* at 1344. If plaintiff satisfies her initial burden, there is a presumption of discriminatory intent and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its policy or action. *Id.* Finally, if the employer puts forth a legitimate, nondiscriminatory justification, the presumption drops out of the analysis and the plaintiff must establish, by a preponderance of the evidence, that the employer's justification is a pretext for discrimination. *Id.*

## ANALYSIS

As an initial matter, the parties applied the wrong legal standard in addressing Plaintiff's Title VII claims. As discussed above, it is the *Young* test that applies, not that articulated in *McDonnell Douglas*. Applying the *Young* criteria to the parties' arguments and to the evidence adduced in the entire record, Defendants are entitled to summary judgment on Plaintiff's Title VII claims. Plaintiff has not met her burden to establish a *prima facie* case at the first step. While she

did establish that she belonged to a protected class, *i.e.,* was pregnant, and sought an accommodation for her pregnancy, *i.e.*, not to lift over 35 pounds, Plaintiff has not met her burden to show Modest did not accommodate her.

It is undisputed that Modest offered an accommodation to Felumero. She could work additional shifts in the Community Program, the program for which she was hired, and none of which work required her to lift more than 35 pounds. It also is undisputed that Ogunjimi, a supervisor in the Community Program, offered Plaintiff an additional shift in the Community Program so she could supplement her income. Contrary to Plaintiff's contention, the resulting reduction in extra work hours does not render the accommodation insufficient. As a part-time employee, Felumero never was guaranteed, or entitled to, a full-time work schedule of forty hours per week. Significantly, the offer letter Felumero signed upon being hired specifically stated she was being hired as a part-time employee in the Community Program. Felumero never was hired as a full-time employee by Modest, nor was she ever hired as an employee in the Residential Program. Plaintiff does not dispute these facts notwithstanding her claim that she worked full time combining the hours from the Community Program and Residential Programs. Notably, Plaintiff described work in the Community Program as "part-time." Pl.'s Statement of Facts, ¶ 57. Plaintiff was allowed to work extra shifts in the Residential Program when they were *available*. She never was guaranteed extra work and it is undisputed that there came a time when extra shifts no longer were available in the Residential Program. Plaintiff's arguments to the contrary are unavailing.

Thus, because Modest offered her a sufficient accommodation, Felumero cannot meet her burden of establishing a *prima facie* case of discrimination and the court need not proceed further in the *Young* analysis.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted as to Plaintiff's federal law claims, and the Court declines to exercise supplemental jurisdiction over her state law claims, which are dismissed, without prejudice. The claims against Castillo are dismissed with prejudice for failure to prosecute. This action is dismissed in its entirety.

SO ORDERED.

DATED: Brooklyn, New York
March 31, 2020

_____/s/_____
DORA L. IRIZARRY
United States District Judge